IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LOCHNER TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | C.A. No. 2:11-cv-242-TJW |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| AT LABS INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT 10ZIG TECHNOLOGY, INC.'S MOTION TO DISMISS PLAINTIFF'S
DIRECT, INDIRECT, AND JOINT INFRINGEMENT CLAIMS, OR,
ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**

Defendant 10ZiG Technology, Inc. ("10ZiG") respectfully moves to dismiss Plaintiff

Lochner Technologies, LLC's ("Lochner") claims of direct infringement, indirect infringement,

and joint infringement under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which

relief can be granted. For each claim, Lochner's Complaint fails to provide a sufficient factual

basis to support the claim and/or even allege all the requisite legal components of the claim.

Should the Court not dismiss Lochner's claims, then 10ZiG, in the alternative, respectfully

moves the Court to order Lochner to provide a more definite statement of its claims under FED.

R. CIV. P. 12(e) so that 10ZiG may properly respond thereto.

**STATEMENT OF FACTS**

On May 4, 2011, Lochner filed its Complaint ("Complaint") against 10ZiG and twelve

other defendants. (Doc. 1.) The Complaint accuses all defendants of infringing U.S. Patent No.

7,035,598 (the "'598 Patent") in a single paragraph, which states:

> 20. Each defendant has been and now is directly, literally and/or, upon
> information and belief, jointly, equivalently and/or indirectly infringing, by way
> of inducing infringement by others and/or contributing to the infringement by
> others, the '598 patent in the State of Texas, in this judicial district, and
> elsewhere in the United States by making, using, selling, offering for sale,

and/or importing wireless thin clients or wireless zero clients for use in systems that infringe at least claims 1 and 12 of the '598 patent. Each defendant is thus liable for infringement of the '598 patent under 35 U.S.C. § 271.

(Doc. 1 ¶ 20.)

## STATEMENT OF THE ISSUES

1. Under federal law, does a complaint fail to state a claim for direct patent infringement of a system claim by only alleging that defendant makes, uses, offers to sell, sells, or imports a component of the allegedly infringing system but not the system itself?

2. Under federal law, does a complaint fail to state a claim for indirect patent infringement of a system claim by not alleging a sufficient factual basis to support such a claim and/or not alleging all the requisite legal components of such a claim; specifically:

    a. With respect to inducement, by not even alleging that: (i) any direct infringer exists, (ii) any specific system directly infringes, (iii) defendant knew of the asserted patent at the time of any alleged direct infringer's infringing activities, and/or (iv) defendant had the specific intent to encourage any alleged infringement by a direct infringer and that any such direct infringement that was allegedly encouraged actually occurred?

    b. With respect to contributory infringement, by not even alleging that: (i) any direct infringer exists, (ii) any specific system directly infringes, (iii) defendant knew of the asserted patent at the time of any alleged direct infringer's infringing activities, and/or (iv) to the extent defendant offered to sell, sold, or imported products that were components of a patented system, such components constituted material parts of the alleged invention, and defendant knew such components were especially made or especially adapted for use in an infringement of the asserted patent and not a staple article or commodity of commerce suitable for substantial noninfringing use?

3. Under federal law, does a complaint fail to state a claim for joint patent infringement of a system claim by not alleging a sufficient factual basis to support such a claim and/or not alleging all the requisite legal components of such a claim; specifically, by not even alleging that: (i) any joint infringer exists, (ii) any alleged joint infringer's product(s) combine with defendant's product(s) to infringe the claimed system, and/or (iii) the alleged joint infringer's acts are under the direction or control of defendant such that those acts are attributable to defendant?

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain, at a

minimum, a "short and plain statement of the claim showing that the pleader is entitled to relief."

402977348v1

FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)); *see also, e.g., Realtime Data LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 541 (E.D. Tex. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.

In the context of patent infringement allegations, while compliance with Form 18 of the Federal Rules of Civil Procedure may be sufficient to support a claim for direct infringement, Form 18 does not expressly address claims of direct infringement of system claims by a component manufacturer, or claims of indirect infringement or joint infringement. *See, e.g., Realtime Data LLC*, 721 F. Supp. 2d at 544 ("Form 18 does not expressly address indirect infringement claims."). "[I]ndirect infringement allegations will not survive a Motion to Dismiss under the pleading requirements of the Federal Rules where a plaintiff's complaint fails to identify any asserted claims or any accused products or services for each of the patents-in-suit, fails to identify which patents are indirectly infringed, and fails to identify a direct infringer in reference to its indirect infringement claims." *Id.* (citing *i2 Techs., Inc. v. Oracle Corp.*, No. 6:09-cv-194, slip op. at 5 (E.D. Tex. Mar. 29, 2010) (Doc. No. 79).

402977348v1

3

## ARGUMENT

For multiple reasons, the Complaint fails to state any claim of direct infringement, indirect infringement, or joint infringement that is plausible on its face. The Complaint contains insufficient factual assertions for each claim and does not even allege all of the elements necessary to establish indirect or joint infringement. Therefore, all such claims against 10ZiG should be dismissed.

With respect to direct infringement, the Complaint fails to allege a sufficient factual basis to support a finding that 10ZiG directly infringes. The asserted patent covers a claimed system. (*See, e.g.,* Doc. 1-1, col.6 ln.5; col.8 ln.5.) The Complaint only alleges that 10ZiG makes, uses, offers to sell, sells, or imports a component of the allegedly infringing system. This is a facially deficient allegation of direct infringement.

With respect to indirect infringement, the Complaint fails to allege a sufficient factual basis to support a finding that 10ZiG indirectly infringes and/or even allege all the requisite legal elements of such a claim. The Complaint fails to allege that (i) any direct infringer exists, (ii) any specific system directly infringes, and/or (iii) 10ZiG knew of the asserted patent at the time of any alleged direct infringer's infringing activities. With respect to inducement, the Complaint also fails to allege and/or provide sufficient facts to support a finding that 10ZiG had the specific intent to encourage any alleged infringement by a direct infringer or that any such direct infringement that was allegedly encouraged actually occurred. With respect to contributory infringement, the Complaint also fails to allege and/or provide sufficient facts to support a finding that, to the extent 10ZiG offered to sell, sold, or imported products that were components of a patented system, such components constituted material parts of the alleged invention, or 10ZiG knew such components were especially made or especially adapted for use in an

402977348v1

infringement of the asserted patent and not a staple article or commodity of commerce suitable for substantial noninfringing use.

With respect to joint infringement, the Complaint fails to allege a sufficient factual basis to support a finding that 10ZiG jointly infringes and/or even allege all the requisite legal elements of such a claim. The Complaint fails to allege that (i) any joint infringer exists, (ii) any alleged joint infringer's product(s) combine with 10ZiG's product(s) to infringe the claimed system, and/or (iii) the alleged joint infringer's acts are under the direction or control of 10ZiG such that those acts are attributable to 10ZiG.

## A.    The Complaint Fails to State a Claim for Direct Infringement Against 10ZiG

Though Form 18 does not require extensive factual pleading, it does require some allegation that "[t]he defendant has infringed and is still infringing the [patent] by making, selling, and using [products, processes, systems, or methods] that embody the patented invention." FED. R. CIV. P. Form 18 (2007). "[A direct infringement] complaint contains enough detail when it . . . 'describes the means by which the defendants allegedly infringe.'" *Wiav Networks, LLC v. 3com Corp.*, No. 5:09-cv-101, 2009 WL 6048922, at *3 (E.D. Tex. Dec. 15, 2009) (quoting *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)). Accepting as true the facts presented in Lochner's Complaint, it fails to satisfy Form 18's threshold pleading requirement, and so fails to state a direct infringement claim that is plausible on its face.

Direct infringement requires that a single entity practice each and every element of the claimed invention. *Golden Hour Data Systems, Inc. v. emsCharts, Inc.*, No. 2:06-cv-381, 2009 WL 943273, at *3 (E.D. Tex. Apr. 3, 2009) (citing *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380 (Fed. Cir. 2007); *Muniauction, Inc. v. Thompson Corp.*, 532 F.3d 1318, 1329 (Fed.

402977348v1

Cir. 2008)). Here, it is undisputed that all three independent claims of the '598 Patent, each covering a wireless computer system, contain at least the following two distinct elements: (1) "a base storage and control system" and (2) "at least one portable input-output system for use with the base storage and control system." (Doc. 1-1, col.6 ln.6, 20-21; col.7 ln.17, 31-32; col.8 ln.6, 21-22.) Therefore, to state a claim for direct infringement upon which relief can be granted, the Complaint must allege a sufficient factual basis to support a finding that 10ZiG makes, uses, offers to sell, sells, or imports a system that, at a minimum, contains both these elements of the claimed system.

The Complaint does not do this. Instead, it only alleges that 10ZiG's products are components for use in an allegedly infringing system: "Each defendant [infringes] by making, using, selling, offering for sale, and/or importing wireless thin clients or wireless zero clients for use in systems that infringe" the asserted patent. (Doc. 1 ¶ 20.) The Complaint acknowledges that the allegedly infringing components are "for use in systems" that infringe. As a result, the Complaint fails to state any claim for direct infringement that is plausible on its face, and such claim against 10ZiG should be dismissed.

**B.     The Complaint Fails to State a Claim for Indirect Infringement Against 10ZiG**

To establish indirect infringement under 35 U.S.C. § 271(b) or (c), a plaintiff must first show that some third party committed the entire act of direct infringement. *See BMC Res. Inc.*, 498 F.3d at 1379; *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1374 (Fed. Cir. 2003) (direct infringement is a prerequisite to an inducement claim); *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005) (direct infringement is a prerequisite to a contributory infringement claim). Where a party fails to identify a direct infringer in reference to its indirect infringement claims, its complaint cannot survive a motion to

402977348v1

dismiss. *Realtime Data*, 271 F. Supp. 2d at 544 (citing *i2 Techs., Inc.*, slip. op. at 5); *Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, No. 6:09-cv-269, 2010 WL 5175172, at *3 (E.D. Tex. Mar. 29, 2010) (dismissing plaintiff's indirect infringement claims where plaintiff failed to expressly identify a direct infringer).

Additionally, a complaint must identify which products or services indirectly infringe. *Realtime Data*, 271 F. Supp. 2d at 544 (citing *i2 Techs., Inc.*, slip. op. at 5). A complaint that "fails to inform Defendants as to how they must defend against charges of indirect infringement" must be dismissed. *Clear With Computers v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481, 2010 WL 3155888, at *4 (E.D. Tex. Mar. 29, 2010) (holding that a complaint fails to state a claim for indirect infringement that is plausible on its face when it "fail[s] to identify which claims are indirectly infringed . . . which methods or systems indirectly infringe, and . . . a direct infringer in reference to its indirect infringement claims").

Further, indirect infringement claims, regardless of inducement or contributory infringement, require that the defendant knew of the asserted patent at the time of the direct infringer's infringing activity. *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006); *Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354-55 (D. Del. 2009) (Because "Plaintiffs' Complaint does not specifically allege that Defendants had knowledge of the [asserted patent] at the time [of the infringing activities] [n]or . . . contain sufficient facts on which the Court can reasonably infer an allegation that Defendants possessed such knowledge" . . . "the Court concludes that Plaintiffs have failed to state a claim for inducing infringement" [and] "also failed to state a claim for contributory infringement.").

In addition, to establish induced infringement under 35 U.S.C. § 271(b), a plaintiff must also show that the defendant "knew of the patent, knowingly induced the infringing acts, and

possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *ACCO Brands Inc. v. ABA Locks Mfr. Co., Ltd.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007) ("[T]he patentee must establish first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement"); *see also SEB S.A. v. Montgomery Ward & Co., Inc.*, 594 F.3d 1360, 1376 (Fed. Cir. 2010) (holding that for induced infringement, "the plaintiff must show that the alleged infringer knew or should have known that his actions would induce actual infringements"); *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 675 (Fed. Cir. 1990) ("A person induces infringement under § 271(b) by actively and knowingly aiding and abetting another's direct infringement.").

Similarly, to establish contributory infringement under 35 U.S.C. § 271(c), a plaintiff must also show that the defendant "offers to sell or sells within the United States or imports into the United States a component of a patented machine … constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c); *see Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) ("[T]o succeed on a claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that the defendant knew that the combination for which its components were especially made was both patented and infringing and that defendant's components have no substantial non-infringing uses."); *Aro Mfg. Co., Inc. v. Convertible Top Replacement Co., Inc.*, 377 U.S. 476, 488 (1964) ("It is only sale of a component of a patented combination knowing the same to be especially made or especially

adapted for use in an infringement of such patent that is contributory infringement under the statute.").

Lochner fails to meet the threshold pleading requirements for alleging either type of indirect infringement. As a predicate matter, nowhere does the Complaint allege or provide sufficient facts to support a finding that any third party committed the required underlying act of direct infringement on which Lochner's indirect infringement claims must be based. Instead, the Complaint merely alleges without explanation that 10ZiG is somehow "inducing infringement by others and/or contributing to the infringement by others . . . ."[1] (Doc. 1 ¶ 20.) Thus, the Complaint fails to identify "which methods or systems indirectly infringe" or "a direct infringer in reference to its indirect infringement claims." *Clear With Computers*, 2010 WL 3155888, at *4.

The Complaint also fails to allege or provide sufficient facts to support a finding that 10ZiG had any pre-suit knowledge of the asserted patent, let alone the requisite knowledge of the asserted patent at the time of any alleged direct infringer's infringing activities. *DSU*, 471 F.3d at 1304; *Mallinckrodt*, 670 F. Supp. 2d at 354-55.

With respect to inducement, the Complaint also fails to allege and/or provide sufficient facts to support a finding that 10ZiG had the specific intent to encourage any third party's alleged direct infringement or that any such direct infringement that was allegedly encouraged actually occurred. These are necessary elements of an inducement claim. *Vita-Mix Corp.*, 581 F.3d at 1328; *ACCO Brands Inc.*, 501 F.3d at 1312.

---

[1] Similar generic language for alleging indirect infringement has been found legally insufficient by this Court in both *Realtime Data* and *Bedrock*. *See Realtime Data*, 721 F. Supp. 2d at 541 (dismissing allegation that "defendants have been and are now ... indirectly infringing by inducement and/or contributing to infringement"); *Bedrock Computer Tech.*, 2010 WL 5175172, at *1 (dismissing allegation that "defendants have contributorily infringed and/or induced others to infringe").

9

With respect to contributory infringement, the Complaint also fails to allege and/or provide sufficient facts to support a finding that, to the extent 10ZiG offered to sell, sold, or imported products that were components of a patented system, such components constituted material parts of the alleged invention, or 10ZiG knew such components were especially made or especially adapted for use in an infringement of the asserted patent and not a staple article or commodity of commerce suitable for substantial noninfringing use. These are necessary elements of a contributory infringement claim. 35 U.S.C. § 271(c); *Lucent Techs., Inc.*, 580 F.3d at 1320; *Aro Mfg. Co.*, 377 U.S. at 488.

Because the Complaint fails to provide a sufficient factual basis to support any claim of indirect infringement and/or fails to allege all the requisite legal components of such a claim, Lochner's indirect infringement allegations are insufficient to state any claim for relief that is plausible on its face. As such, the Complaint's indirect infringement allegations against 10ZiG should be dismissed.

## C.     The Complaint Fails to State a Claim for Joint Infringement Against 10ZiG

Where one party does not practice every element of a claimed invention, that party can be liable for joint infringement only if it practices every element in combination with a second party that is under the first party's direction or control. *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72, 2010 WL 3768105, at *4 (E.D. Tex. Sept. 13, 2010) (citing *BMC Resources, Inc.*, 498 F.3d at 1381; *Muniauction, Inc.*, 532 F.3d at 1329 (To prove joint infringement, a plaintiff must prove that "one party exercises control or direction over the entire process such that every step is attributable to the controlling party, i.e. the mastermind.")); *Golden Hour*, 2009 WL 943273, at *3.

402977348v1

Here, the Complaint fails to allege and/or provide a sufficient factual basis to support a finding that (i) any joint infringer exists, (ii) any alleged joint infringer's product(s) combine with 10ZiG's product(s) to infringe the claimed system, and/or (iii) the alleged joint infringer's acts are under the direction or control of 10ZiG such that those acts are attributable to 10ZiG. As a result, the Complaint fails to state any claim for joint infringement that is plausible on its face, and such claim against 10ZiG should be dismissed.

**D.     Alternatively, Lochner Should be Compelled to Submit a More Definite Statement Under FED. R. CIV. P. 12(e)**

Alternatively, if the Court does not grant 10ZiG's motion to dismiss Lochner's infringement claims, 10ZiG respectfully requests that the Court exercise its discretion and order Lochner to provide a more definite statement of its infringement claims. *See* FED. R. CIV. P. 12(e). A motion for a more definite statement is proper when a complaint is so vague that a defendant cannot frame a responsive pleading. *See id.*; *see also Sisk v. Texas Parks & Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. 1981)

As set forth above, the Complaint is impermissibly vague with respect to Lochner's direct, indirect, and joint infringement claims and fails to inform 10ZiG as to what it must defend. 10ZiG cannot adequately respond to Lochner's infringement allegations when it does not know Lochner's basis for its allegations or why Lochner believes such claims are appropriate. Thus, should the Court decline to grant 10ZiG's motion to dismiss Lochner's direct, indirect, and joint infringement claims, 10ZiG requests that the Court order Lochner to plead its infringement claims adequately so that 10ZiG may properly respond thereto.

## CONCLUSION

For all the reasons set forth above, 10ZiG respectfully requests that the Court dismiss Plaintiff Lochner's claims for direct infringement, indirect infringement, and joint infringement,

402977348v1

or, in the alternative, order Lochner to provide a more definite statement as to such claims, and

any other relief to which it may be entitled.


Dated: June 29, 2011                    Respectfully submitted,

                                        */s/ Samuel E. Stubbs*
                                        Samuel E. Stubbs
                                        State Bar No. 19434500
                                        909 Fannin, Suite 2000
                                        Houston, TX 77010-1018
                                        Telephone: (713) 376-7600
                                        Facsimile: (713) 276-7673
                                        Email: sam.stubbs@pillsburylaw.com

Of Counsel:

James G. Gatto (*pro hac vice*)
Richard P. Hadorn (*pro hac vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
Telephone: (703) 770-7900
Facsimile: (703) 770-7901
Email: james.gatto@pillsburylaw.com
Email: richard.hadorn@pillsburylaw.com

*Attorneys for Defendant*
*10ZiG Technology, Inc.*

402977348v1